**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JONATHAN W. GRIGSBY, | No. 11-17587 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-01475-CRB |
| v. | |
| ROBERT A. HOREL, Warden; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted June 18, 2013[**]

Before:     TALLMAN, M. SMITH, and HURWITZ, Circuit Judges.

Jonathan W. Grigsby, a California state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging First and

Fourteenth Amendment claims. We have jurisdiction under 28 U.S.C. § 1291. We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

review de novo, *Keenan v. Hall*, 83 F.3d 1083, 1088 (9th Cir. 1996), and we affirm.

The district court properly granted summary judgment on Grigsby's First Amendment claims because Grigsby failed to raise a genuine dispute of material fact as to whether defendants personally caused the alleged deprivation of his constitutional rights based on the isolated incidents of a piece of mail not being delivered and a priority mail package being delayed fifteen days. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which the plaintiff complains." (citation, internal quotation marks, and brackets omitted)).

The district court properly granted summary judgment on Grigsby's due process claim because Grigsby failed to raise a genuine dispute of material fact as to whether defendants were personally involved in the confiscation or destruction of his excess stamps. *See id.*

We reject Grigsby's argument, raised for the first time on appeal, that he was denied an opportunity to oppose summary judgment, because the evidence

described in Grigsby's briefs would have been insufficient to defeat summary judgment.

**AFFIRMED**.